1
2
3
4
5
6
7

**E-Filed 5/6/2011**

8              **IN THE UNITED STATES DISTRICT COURT**

9             **FOR THE NORTHERN DISTRICT OF CALIFORNIA**

10                       **SAN JOSE DIVISION**

11

12   STANFORD HOSPITALS AND CLINICS,          Case Number 5:11-cv-00620-JF

13                  Plaintiff,                ORDER[1] GRANTING MOTION TO
                                              DISMISS, WITH LEAVE TO AMEND
14         v.

15   ARCHSTONE COMMUNITIES, LLC, et al.,

16                  Defendants.              [re: docket entry 17 ]

17

18

19        Defendants Archstone Communities, LLC ("Archstone") and UnitedHealth Group,

20   Incorporated ("UnitedHealth") move to dismiss all claims asserted by Plaintiff Stanford

21   Hospitals and Clinics ("Stanford") on the grounds that the claims are preempted by the Employee

22   Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001 *et seq.* ("ERISA") and that the

23   complaint fails to allege facts sufficient to state a claim upon which relief may be granted.  The

24   Court has considered the moving and responding papers and the oral argument presented at the

25   hearing.  For the reasons discussed below, the motion will be granted, with leave to amend.

26

27   _____

28        [1]  This disposition is not designated for publication in the official reports.

**I. BACKGROUND**

Stanford filed the complaint in the instant action in the Santa Clara Superior Court, alleging claims for (1) breach of written contract, (2) breach of oral contract, and (3) negligent misrepresentation. These claims arise out of medical services that Stanford provided to a non-party who is referred to in the complaint as "Patient Y.L." Stanford alleges the following:

Patient Y.L. was enrolled in a health plan administered by United Medical Resources ("UMR") – an entity owned by Defendant UnitedHealth – on behalf of Defendant Archstone. Complt. ¶ 8. On October 31, 2008, Stanford verified with UMR that Patient Y.L. had active healthcare coverage. Complt. ¶ 9. UMR provided Stanford with a subscriber identification number for Patient Y.L., and stated that because UMR had access to a Private Health Care Systems ("PHCS") contract, Stanford would be paid the applicable contract rate of 70% of charges billed by Stanford. *Id.* PHCS and Stanford in fact were signatories to a written agreement under which Stanford agreed to provide medically necessary services to members of PHCS's service subscribers; UMR was such a service subscriber, and Archstone was one of UMR's members. Complt. ¶¶ 10-12. Stanford billed Defendants in the amount of $132,469.05 for medical services provided to Patient Y.L. Complt. ¶ 15. Defendants failed to pay the bill. Complt. ¶ 16. Archstone removed the action to this Court on the basis of diversity of citizenship.

**II. LEGAL STANDARD**

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint may be dismissed for failure to state a claim upon which relief may be granted. "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). For purposes of evaluating a motion to dismiss, the court "must presume all factual allegations of the complaint to be true and draw all reasonable inferences in favor of the nonmoving party." *Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987).

However, mere conclusions couched in factual allegations are not sufficient to state a cause of action. *Papasan v. Allain,* 478 U.S. 265, 286 (1986); *see also McGlinchy v. Shell Chem. Co.,* 845 F.2d 802, 810 (9th Cir. 1988). The complaint must plead "enough facts to state a claim

2

1  to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007).  A

2  claim is plausible on its face "when the plaintiff pleads factual content that allows the court to

3  draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*

4  *v. Iqbal,* 129 S.Ct. 1937, 1949 (2009).  Thus, "for a complaint to survive a motion to dismiss, the

5  non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly

6  suggestive of a claim entitling the plaintiff to relief. " *Moss v. U.S. Secret Serv.,* 572 F.3d 962,

7  969 (9th Cir. 2009).

8  ### III. DISCUSSION

9          State law claims that implicate an employee benefit plan subject to ERISA may be subject

10  to complete preemption or conflict preemption.  Complete preemption analysis is governed by §

11  502(a)(1)(B) of ERISA, which provides that:

12          A civil action may be brought – (1) by a participant or beneficiary – . . . (B) to
          recover benefits due to him under the terms of his plan, to enforce his rights under
13          the terms of the plan, or to clarify his rights to future benefits under the terms of
          the plan.
14

15  29 U.S.C. § 1132(a)(1)(B).  "If state-law causes of action come within the scope of §

16  502(a)(1)(B), those causes of action are completely preempted, and the only possible cause of

17  action is under § 502(a)(1)(B)." *Marin Gen. Hosp. v. Modesto & Empire Traction Co.*, 581 F.3d

18  941, 946 (9th Cir. 2009).  The Supreme Court has formulated a two-part test to determine

19  whether complete preemption lies:  "a state-law cause of action is completely preempted if (1)

20  'an individual, at some point in time, could have brought [the] claim under ERISA §

21  502(a)(1)(B),' and (2) 'where there is no other independent legal duty that is implicated by a

22  defendant's actions.'" *Id*. (quoting *Aetna Health, Inc. v. Davila*, 542 U.S. 200, 210 (2004)).

23  Conflict preemption is governed by § 514(a) of ERISA, which provides that in general the

24  provisions of ERISA "shall supersede any and all State laws insofar as they may now or hereafter

25  *relate to* any employee benefit plan." 29 U.S.C. § 1144(a) (emphasis added).

26          In its current form, Stanford's complaint makes no mention of an ERISA plan or the

27  terms of such a plan.  Stanford's state law claims against Defendants arise out of alleged

28  breaches of the written PHCS contract, alleged breaches of an oral contract created during the

3

1 telephone call in which Stanford verified Patient Y.L.'s healthcare coverage, and alleged

2 misrepresentations made during that telephone call.

3     Defendants contend that ERISA nonetheless is implicated because in fact Patient Y.L.

4 was an employee of Archstone and as such had healthcare coverage under an employee benefit

5 plan as defined by ERISA.  According to Defendants, Archstone is the plan administrator, while

6 UnitedHealth is the third-party administrator that considers and determines all medical claims

7 under the plan.  Defendants assert that Stanford's claim for payment was denied based upon a

8 determination that the claim fell within the plan's pre-existing condition exclusion.  Defendants

9 request that the Court take judicial notice of the plan and correspondence between Stanford and

10 UMR regarding denial of payment based upon the plan's pre-existing condition exclusion.

11     Stanford objects to the request for judicial notice, noting that when reviewing a Rule

12 12(b)(6) motion, the Court may not consider material outside the four corners of the complaint.

13 *See Branch v. Tunnell*, 14 F.3d 449, 453 (9th Cir. 1994), overruled on other grounds by

14 *Galbraith v. County of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002).  "Under the incorporation by

15 reference doctrine, courts may consider documents that are referenced extensively in the

16 complaint and [are] accepted by all parties as authentic."  *Id*. (internal quotation marks and

17 citation omitted).  As Stanford points out, its complaint does *not* refer extensively to the ERISA

18 plan – in fact, the complaint does not mention the existence of an ERISA plan.  Accordingly, the

19 Court will deny Defendants' request for judicial notice.

20     Even if it were to consider the subject plan and correspondence, the Court would

21 conclude that complete preemption does not lie.  Although Defendants assert that Stanford must

22 be asserting a derivative claim for plan benefits based upon an assignment of rights from Patient

23 Y.L., Stanford makes clear in its opposition brief that it is *not* asserting a derivative claim for

24 plan benefits but rather an independent claim for damages based upon Defendants' alleged

25 breaches of contract and negligent misrepresentations.  Because the claims in question do not

26 seek plan benefits, they could not have been brought under § 502(a)(1)(B).  Moreover, Stanford's

27 claims are based upon independent legal duties allegedly owed to it by Defendants under the

28 written PHCS contract and an oral contract created during the telephone.  Accordingly, neither

4

Case No. 5:11-cv-00620-JF
ORDER GRANTING MOTION TO DISMISS, WITH LEAVE TO AMEND
(JFLC2)

1   prong of the *Davila* test is met.

2       The issue of conflict preemption is more difficult.  A number of cases hold that no

3   conflict preemption lies with respect to state law claims asserted by hospitals directly against

4   plan administrators based upon erroneous verifications of coverage.  *See, e.g., Blue Cross of Cal.*

5   *v. Anesthesia Care Assoc. Med. Group, Inc.,* 187 F.3d 1045, 1047 (9th Cir. 1999); *The Meadows*

6   *v. Employers Health Ins.*, 47 F.3d 1006, 1011 (9th Cir. 1995).  Defendants argue that those cases

7   are distinguishable, because in the instant case the *reason* for denial of payment was a pre-

8   existing condition exclusion contained in the ERISA plan, and thus that disposition of Stanford's

9   claims will require interpretation of this plan provision.

10      The Court need not, and indeed cannot, resolve the issue of conflict preemption at this

11  time, because the facts underlying Defendants' argument on this point may not be asserted in the

12  context of a motion pursuant to Rule 12(b)(6).  As noted above, the Court may not take judicial

13  notice of the plan and correspondence submitted by Defendants.  The asserted reason for denial

14  of payment – application of a plan exclusion – likewise is outside the four corners of the

15  complaint.

16      Separate and apart from their preemption arguments, Defendants contend that Stanford's

17  claims are subject to dismissal for failure to allege sufficient facts.  Defendants point out that the

18  alleged written contract is between Stanford and a non-party, PHCS.  The precise relationship

19  between PHCS, UnitedHealth, and Archstone is unclear from the pleadings.  With respect to the

20  alleged oral contract and misrepresentations, it appears on the face of the complaint that the

21  underlying telephone call was between representatives of Stanford and UMR.  It is unclear why

22  the actions of UMR should be attributed to Archstone.  Moreover, because no details are

23  provided as to the nature of Defendant UnitedHealth and the entity UMR, it is not apparent from

24  the face of the complaint that UnitedHealth is liable for UMR's actions.  Accordingly, the

25  complaint will be dismissed with leave to amend so that Stanford may clarify the relationships

26  between the various entities and allege facts giving rise to liability on the part of the named

27  defendants.  This ruling is without prejudice to Defendants' reassertion of their conflict

28  preemption argument in the context of an appropriate future motion, such as a motion for

1  summary judgment.

2  **IV. ORDER**

3      The motion to dismiss is GRANTED WITH LEAVE TO AMEND.  Any amended

4  complaint shall be filed on or before May 27, 2011.

5

6

7

8

9

10  DATED:  5/6/2011

11  JEREMY FOGEL
    United States District Judge

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

6