\*\*E-Filed 8/23/2011\*\*

# IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| STANFORD HOSPITALS AND CLINICS,<br><br>    Plaintiff,<br><br>    v.<br><br>ARCHSTONE COMMUNITIES, LLC, et al.,<br><br>    Defendants. | Case No.  5:11-cv-00620-JF (PSG)<br><br>ORDER[1] GRANTING MOTION TO DISMISS, WITH LEAVE TO AMEND<br><br>[Re: Docket No.  40] |

Pursuant to Fed. R. Civ. P. 12(b)(6), Defendants Archstone Communities, LLC, ("Archstone") and UnitedHealth Group, Inc., ("UnitedHealth") move to dismiss all claims brought by Plaintiff Stanford Hospitals and Clinics ("Stanford") for failure to allege facts sufficient to state a legally cognizable claim.  The Court has considered the moving and responding papers and oral arguments presented at hearing on August 12, 2011.  For the reasons discussed below, the motion will be granted, with leave to amend.

## I. BACKGROUND

Stanford's first amended complaint ("FAC") alleges the following:  In November 2008, Stanford provided medical care for a patient identified as "Y.L."  Before doing so, it sought and

---

[1] This disposition is not designated for publication in the official reports.

received assurance from United Medical Resources ("UMR") that Y.L. had coverage under a UMR-administered plan.  UMR, which is not a party to this suit, told Stanford that UMR "had access to" a contract between Stanford and Private Health Care Systems ("PHCS").  UMR's representative stated that Stanford would be paid according to the PHCS contract rate of seventy percent of billed charges.

After releasing Y.L. from its care, Stanford submitted a bill for $132,469.05, which Defendants refused to pay.  Stanford commenced this action in the Santa Clara Superior Court on January 7, 2011, alleging claims for breach of contract and negligent misrepresentation.  A month later, Defendants removed the action to this Court.  On May 6, 2011, this Court granted Defendants' motion to dismiss Stanford's original complaint, with leave to amend.  On May 26, 2011, Stanford filed the operative FAC, which adds two paragraphs to the original pleading but otherwise is unchanged.

## II. LEGAL STANDARD

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Kelly v. Arizona*, 409 Fed. Appx. 124, 126 (9th Cir. 2010) (citations omitted).  A plaintiff passes this test by alleging "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009), citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007).  In testing the claims to these standards, the Court must take the complaint's allegations as true, construing them most favorably toward the Plaintiff.  *See Gompper v. VISX, Inc.*, 298 F.3d 893, 896 (9th Cir. 2002).  But conclusions of law posing as factual allegations will not survive a motion under Rule 12(b)(6).  *Anderson v. Clow (In re Stac Elecs. Sec. Litig.)*, 89 F.3d 1399, 1403 (9th Cir. 1996) (citation omitted). The Court may not dismiss a complaint without leave for the plaintiff to amend unless it is clear that no amount of amending can save the complaint.  *Gompper*, 298 F.3d at 898, citing *Polich v. Burlington Northern, Inc.*, 942 F.2d 1467, 1472 (9th Cir. 1991).

**III. DISCUSSION**

The Court dismissed Stanford's initial complaint because the allegations did not articulate clearly why Archstone and UnitedHealth should be liable for UMR's alleged conduct and representations. (Order, Docket No. 35 at 5) Stanford's response to the dismissal order, in full, is as follows:

> At all relevant times, for purposes of servicing the Archstone account, Archstone hired United Health, which owned the entity UMR. UMR vis-à-vis Archstone, and UMR vis-à-vis UnitedHealth was authorized to speak and to act on Archstone's behalf for all transactions and encounters described in this Amended Complaint. (FAC ¶¶ 9, 23, 31, 42)

> At all relevant times, UnitedHealth was an agent of Defendant Archstone and administered the health plan for Patient Y.L., who was a member of the health plan for which Archstone was financially responsible. (FAC ¶¶ 10, 24, 32, 43)

While these new allegations obviously suggest some sort of legal relationship among the various defendants, they fail to provide a factual basis for a legal conclusion that any Defendant is legally responsible for UMR's alleged acts and omissions.

**A.    Breach of written contract**

A claim for breach of contract requires the existence of a contract, the plaintiff's performance of its contractual obligations or excuse for non-performance, the defendant's breach, and damages. *Careau & Co. v. Sec. Pac. Bus. Credit, Inc.*, 222 Cal. App. 3d 1371, 1388 (1990).

The only written contract alleged in the complaint is between Stanford and PHCS. That contract requires Stanford to treat patients who are members of subscribers to PHCS services and provides that Stanford is to be paid at a rate of seventy percent of billed charges. (FAC ¶ 10, 12) The complaint also alleges that there is some type of contract between PHCS and UMR. That contract allegedly provides that UMR may "act as the agent of its member health plans," a relationship that purportedly gives UMR members "access to the Contract Rate" detailed in the Stanford-PHCS contract. (FAC ¶ 13)

The FAC does not allege which entity is required to pay the contract rate. Stanford claims that Archstone was "financially responsible" for a health plan, that Stanford demanded that "Defendants perform their obligations" to pay at the seventy percent rate (FAC ¶¶ 25-26),

and that UMR told Stanford that Archstone would pay the hospital at the Contract Rate. (FAC ¶ 41) However, there are no allegations that explain to whom Archstone was financially responsible, nor is there an allegation of a written contract between Stanford and either named Defendant. The fact that a demand for payment was made is insufficient to show that there was a contract upon which that demand is based. Likewise, a conclusory allegation of "direct contractual relationship[s,]" (Opp'n to Mot. to Dismiss, 7:3), is insufficient to show that any particular Defendant was responsible for the cost of Y.L.'s treatment.

B.  **Breach of oral contract**

Stanford alleges that it promised to treat Y.L. and that Defendants agreed "to pay Stanford Hospital for such treatment at the Contract Rates found in the Contract." (FAC ¶ 33) For this claim to be sufficient, Stanford must allege that UMR acted as Defendants' agent. To prove the existence of an agency relationship under California law, a plaintiff must show that (1) the purported agent holds power to alter legal relations between its principal and other parties and between the principal and itself, (2) the agent is a fiduciary with respect to matters within the scope of the agency, and (3) the principal has the right to control agent's conduct with respect to matters entrusted to the agent. *Garlock Sealing Technologies, LLC v. NAK Sealing Technologies Corp.*, 148 Cal. App. 4th 937, 964 (2007) (citations omitted).

Stanford alleges conclusorily that Archstone hired UnitedHealth, (FAC ¶ 9), and that UMR "was authorized to speak and to act on Archstone's behalf for all transactions and encounters described" in the FAC. (FAC ¶ 31). UnitedHealth may indeed own UMR, but that does not mean UMR was Archstone's agent. While Stanford alleges that UMR administered Archstone's health plan, Archstone's contract was with UnitedHealth, and the mere fact that UMR was a subsidiary of UnitedHealth does not mean that UMR was authorized to act as Archstone's agent. The precise relationship between UnitedHealth and UMR is never explained. "[A corporation is regarded as a legal entity, separate and distinct from its stockholders, officers and directors, with separate and distinct liabilities and obligations . . . ." *Sonora Diamond Corp. v. Superior Court*, 83 Cal. App. 4th 523, 538 (2000).

To cure this pleading deficiency, Stanford must allege "such a unity of interest and

ownership" between UMR and its owner, UnitedHealth, that the entities do not have "separate personalities," and that not holding UnitedHealth responsible for UMR's actions would lead to an inequitable result. *Sonora Diamond Corp. v. Superior Court*, 83 Cal. App. 4th 523, 538 (2000) (citations omitted).

**C.     Misrepresentation**

A claim for misrepresentation requires a showing of (1) a misrepresentation of a material fact, (2) a lack of reasonable basis for the person asserting it to believe it is true, (3) the intent of that person to induce another to rely on the misrepresented fact, (4) a justifiable reliance on the misrepresentation and (5) damages incurred as a result. *Apollo Capital Fund, LLC v. Roth Capital Partners, LLC*, 158 Cal. App. 4th 226, 243 (2007). Stanford asserts its misrepresentation claim not against the party that made the alleged misrepresentation – UMR – but against Archstone and UnitedHealth.  The FAC alleges that UMR represented to the hospital that "Patient Y.L. was a member of a health plan for which Archstone bore financial responsibility" and that "Archstone would pay Stanford Hospital at the Contract Rate."  (FAC ¶ 40)  As discussed above, Stanford has not alleged facts that "connect the dots" between UMR's acts and omissions and either of the named Defendants.

**IV. ORDER**

Good cause therefor appearing, the motion to dismiss is GRANTED, with leave to amend.  Plaintiff shall file any amended complaint within twenty (20) days of the date of this order.

IT IS SO ORDERED.

DATE: August 23, 2011

_____
JEREMY FOGEL
United States District Judge

5

Case No. 5:11-cv-00620-JF
ORDER GRANTING MOTION TO DISMISS, WITH LEAVE TO AMEND
(JFEX3)